# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                              |   |                    |
|------------------------------|---|--------------------|
| **UNITED STATES OF AMERICA,** | ) |                    |
|                              | ) |                    |
| **Plaintiff,**               | ) |                    |
|                              | ) | **CIVIL ACTION**   |
| v.                           | ) |                    |
|                              | ) | **No. 06-2040-KHV** |
| **LOUIS NOVELLO, et al.,**   | ) |                    |
|                              | ) |                    |
| **Defendants.**              | ) |                    |
| _____ | ) |  |

## ORDER

The United States of America brought this action to reduce to judgment federal tax assessments against Jane Martin and others and to foreclose tax liens on certain property in Wyandotte County, Kansas. This matter is before the Court on the United States' Application For Entry Of Default (Doc. #17) filed June 12, 2006. Plaintiff asks the Clerk to enter default against Martin under Rule 55(a), Fed. R. Civ. P., for failure to timely answer or otherwise defend. See id.

On February 3, 2006, plaintiff filed the complaint in this action. On March 28, 2006, plaintiff personally served the summons and complaint for Martin on Louis Novello, another defendant in the case.[1] See Doc. #8, filed April 4, 2006 at 2. According to the return of service, the process server left the documents with Novello because he has power of attorney for Martin. Id. Attached to the return of service is a hand-written document

---

[1] On July 24, 2006, plaintiff filed a notice informing the Court that on July 17, 2006, defendant Louis Novello filed a petition for Chapter 13 bankruptcy protection. Under 11 U.S.C. § 362, the filing of a bankruptcy petition immediately stays judicial proceedings against the debtor, but not against other defendants in the case. See Barrett v. Fields, No. 95-2028-KHV, 1995 WL 815618, at *2 (D. Kan. Dec. 20, 1995) (citing Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991)).

which purports to give Novello "full power of attorney to act in [Martin's] behalf surrounding all legal matters." See Doc. #8 at 3.

On July 17, 2006, the Court determined that plaintiff had not shown that it effected valid service on Martin pursuant to Rule 4(e), Fed. R. Civ. P. See Order To Show Cause (Doc. #21). The Court ordered plaintiff to file a brief which contains legal and/or factual authority regarding (1) the legal significance of the hand-written document attached to the return of service; and (2) whether such document gives Novello actual authority to accept service on behalf of Martin under federal and/or Kansas law.[2]

In response to the show cause order, plaintiff asserts that Novello has implied authority to accept service on behalf of Martin. In support of its argument, plaintiff presents the affidavit of Delbert White, process server. White states that in February of 2006, he made several attempts to serve Martin at her personal residence but was unsuccessful. Declaration Of Delbert White ¶ 3, Exhibit 1 to United States' Response (Doc. #23) filed July 24, 2006. White states that Novello, who claimed to be Martin's son, offered to accept service on Martin's behalf, stating that Martin was elderly and not well and would not open her door for strangers. Id. ¶ 4. White responded that he could only serve Novello on behalf of Martin if he presented a power of attorney which authorized him to be Martin's agent pursuant to the Federal Rules of Civil Procedure. Id. ¶ 5. Novello thereafter informed White that Martin had signed a notarized power of attorney which appointed him to act as her agent for all legal matters. Id. ¶ 6.

Plaintiff argues that the circumstances of this case, combined with the terms of a broad power of attorney, give Novello implied authority to accept service on behalf of Martin. Plaintiff argues that because

---

[2] The Court also ordered Martin to show cause in writing why default should not be entered against her. See id. Martin has not responded to the show cause order.

Martin executed the power of attorney on March 20, 2006, after White had repeatedly attempted to serve her, "it was undoubtedly executed with this specific legal action in mind." United States Response (Doc. #23) at 2. Plaintiff further argues that although the power of attorney does not explicitly give Novello the power to accept service on behalf of Martin, the circumstances demonstrate an implied authority to do so. Id.

In support of its argument, plaintiff cites United States v. Balanovski, 236 F.2d 298 (2d Cir. 1956), and United States v. Davis, 38 F.R.D. 424 (N.D.N.Y. 1965).[3] Those cases stand for the proposition that broad and sweeping terms in a power of attorney, combined with other circumstances, may authorize the agent to accept service even if such authority is not expressly stated therein. See Balanovski, 236 F.2d at 303; Davis, 38 F.R.D. at 425. Balanovski addressed the issue whether an Argentinian partnership was liable to the United States for taxes on profits. Defendants challenged the court's jurisdiction to enter personal judgments against them. The Second Circuit found that where the court had valid quasi in rem jurisdiction and defendants appeared and defended the action, the court acquired power to render a judgment in personam. See id., 236 F.2d at 302-03. In dicta, the Court also stated that the court "probably" acquired personal jurisdiction over defendants by the service of process on their agent, a secretary to whom defendants had given power of attorney with "wide latitude in arranging for shipment of goods and in signing his name to all sorts of documents, including checks." 236 F.2d at 303.

In Davis, the court found that by granting broad powers of attorneys, defendants authorized their

---

[3] Plaintiff also cites New England Reins. Corp. v. Tenn. Ins. Co., 780 F. Supp. 73 (D. Mass. 1991). That case did not involve a power of attorney. In that case, the court found that where defendant hired counsel to pursue its rights under an arbitration clause and counsel issued a demand to arbitrate, the circumstances implied authority for counsel to accept service for an action to compel adherence to the arbitration clause. Id. at 78.

attorneys to accept service of process on their behalf. Defendants, who were residents of Mexico, authorized their attorney "to do all things that are necessary in defending me before all tax bodies and all courts." 38 F.R.D. at 425. The court concluded that the terms of the powers of attorney were broad and sweeping and that there was no fear under the circumstances that the agent would not give defendants notice of the suit. Id. at 425-26.

Unlike the defendants in Balanovski and Davis, Martin is not located outside the country. Moreover, in this case, the Court has no way to ascertain whether Novello has notified Martin of the suit. The purported power of attorney by Martin to Novello does not grant general powers. See K.S.A. § 58-654 (principal may delegate general powers to act on principal's behalf regarding all lawful subjects and purposes or with respect to one or more express subjects or purposes). Rather, it limits the power to act on Martin's behalf "surrounding all legal matters." Under Kansas law, a power of attorney is strictly construed and must be closely examined to ascertain the intent of its principal. See Stafford v. Crane, 241 F. Supp.2d 1239, 1246 (D. Kan. 2002); Muller v. Bank of Am., N.A., 28 Kan. App.2d 136, 139, 12 P.3d 899, 902 (2000). On this record, the Court cannot conclude that Martin intended to grant Novello authority to accept service on her behalf. See, e.g., Wright & Miller, Federal Practice and Procedure: Civil 3d § 1097 (actual appointment for specific purpose of receiving process normally expected under Rule 4(e)(2)).

**IT IS THEREFORE ORDERED** that the United States' Application For Entry Of Default (Doc. #17) filed June 12, 2006 be and hereby is **OVERRULED.**

Dated this 7th day of August, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

4